[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These two cases were consolidated for trial on April 2, 1992. They arise out of a contract entered into by Laurence M. and Lori E. Weiss, hereinafter called Seller, and John Mizesko and Sandra B. Rossi, hereinafter called Buyer. In the contract (Exh. P. 1) dated August 8, 1991, Seller agreed to sell and Buyer agreed to buy a dwelling known as 34 Chipping Stone Ct., Cheshire, Connecticut, for a purchase price of $225,000, payable as follows:
a. By Initial Deposit submitted herewith $ 1,000.00 CT Page 1849
 b. By Additional Deposit due upon acceptance by the SELLER(S) $ 5,000.00
 c. By Additional Deposit due upon satisfaction of financing contingency $ 9,000.00
d. By Proceeds of Third Party Financing $181,000.00
 e. By Proceeds of Seller Financing (See ADDENDUM if applicable) $
f. Balance due at closing $ 29,000.00
TOTAL (MUST EQUAL PURCHASE PRICE) $225,000.00
The Buyer tendered $1,000 when he executed the contract and submitted it to Seller. Buyer paid over the additional deposit of $5,000 upon acceptance by Seller on August 8, 1991.
The contemplated transaction never took place, and this litigation ensued. On March 4, 1992, Buyer sued (0240331) for the return of his deposits (first count) and for an alleged violation of the Connecticut Unfair Trade Practices Act. Conn. Gen. Stat. 42-110, et seq. (second count). Seller filed an independent action (0240331) with a complaint dated March 4, 1992 alleging a breach of contract by Buyer entitling Seller to retain the entire deposit of fifteen thousand dollars as liquidated damages as provided in Section N of the contract. Seller also claimed costs of suit and attorney's fees. Seller amended his complaint on September 18, 1992, and Buyer filed a counterclaim in two counts making claims similar to his existing complaint.
Both parties filed motions for summary judgments without success. At the conclusion of the evidentiary hearing, the Buyer withdrew the second count (CUTPA) in both his complaint and cross-complaint.
The decisive issue in the two complaints and cross-complaint is whether or not there was a contract in effect on November 22, 1991, the date on which Buyer provided Seller with written notice that he had been unable to attain a firm mortgage commitment and requested the return of his $15,000 deposit (P. 9).
If the court finds the contract was not in effect on that date, the Buyer is entitled to the return of any payments CT Page 1850 made under the contract (P. 1) Section 1a, b and c and paragraph G. "Third Party Financing Contingency." If the court finds the contract was in effect on November 22, 1991, it follows that Buyer's attempted compliance (P. 9) was ineffective and untimely notification to the Seller of his inability to obtain third party financing. (P. 1) Paragraph G.
After consideration of the claims of the parties within the framework of the credible evidence submitted at the evidentiary hearing, the court finds that the contract dated August 8, 1991 remained in effect on November 22, 1991; that the Seller was ready, willing and able to proceed with a closing of title on November 18, 1991, as required by the contract; that the Buyer breached the contract by refusing to accept title and demanding his monetary deposits be returned to him.
The contention of the Buyer is that the third party financing contingency provided for in the contract of August 8, 1991 was never satisfied because Buyer did not have a mortgage commitment within the time period for such commitment, forty-five days as provided by the contract and so notified the Seller or his agent in writing on two occasions to wit: on September 20, 1991 (Exh. P. 14) and on September 24, 1991 (Exh. P. 7). Seller challenges this contention, and the court finds Buyer did not in either of these requests for extension of time clearly and unequivocally notify the Buyer of his inability to secure a commitment for a mortgage.
Pursuant to paragraph 7 of the contract (P. 1) as further defined by paragraph G of the contract, the Buyer was required to notify Seller of his inability to procure a commitment for financing within the number of days specified in 7d (forty-five days) or a grace period of three days. The forty-five days expired on September 24, 1991; the three-day grace period expired on September 27, 1991. Failure on Buyer's part to accomplish this resulted in the contingency being deemed satisfied, and this agreement continued in full force and effect.[1]
The evidence at trial indicated that Seller did not acknowledge Buyer's first request for an extension and rejected the second. Seller did however consider granting Buyer a short extension. On or about September 27, 1991, Seller amended Buyer's September 24, 1991 request for an extension until October 10, 1991 by offering to extend to October 4, 1991 (Plaintiff's 16). This offer was not immediately communicated to Seller. However, in CT Page 1851 subsequent discussions between agent Meyers and buyer, the offer was made known to Buyer. The offer was not legally significant, however, because the contract was in full force and effect. On or about October 3, 1991, Buyer acknowledged this fact by tendering to Seller a check for nine thousand dollars ($9,000.00) as required by section 3c of the contract "additional deposit due upon satisfaction of financing contingency." This contingency had been deemed satisfied by Buyer's failure to give proper notice. The evidence also shows that on or about October 3, 1991, Buyer had in fact received a mortgage commitment from BankMart (P. 2) and assured Seller's agent that he was looking around for a better rate. When Buyer presented this additional deposit to Seller, he waived any claim he might have had that his requests for extension were notice of his inability to secure a commitment for financing. Upon receipt of this deposit, Seller removed the property from the multiple listings of property for sale and prepared to close on or before the contract closing date November 18, 1991. Buyer's telephoned request to agent approximately two weeks before Thanksgiving asking for a definite date when Seller would vacate the premises is indicative that all parties considered the contract in effect as of that date in November.
For these reasons the court finds the issues for the plaintiff in case #0241746S on both the complaint and the counterclaim and for the defendant on case #0240331S. In case #0241746S, the plaintiff is limited by the contract paragraph N to liquidated damages plus a reasonable attorney's fee.
Therefore judgment may enter for the plaintiff in case #0241746S for $15,000 plus accrued interest on the escrow plus an attorney's fee of $1,000.00. Judgment may issue in favor of the defendant in case #0240331S and for the plaintiff on the counterclaim in case #0241746S.
Dorsey, J. State Trial Referee